PETITION ROB. A RE-HEARING, BV
J-AMES HAGGIS, ESd.
This is a case of usury. The complainants attempted to avail themselves of it in defence of the suit at law, but were overruled. They then filed their bill in chancery, and the opinion delivered leaves them to suffer because of their delinquency. They should have prosecuted their defence even to the court of appeals.
It is not desired that this- court should impugn aiiy thing which was done at Jaw. High authorities and every reason forbid a re-trial in chancery, of matters heard and tried at law; but the prohibition, it is with deference supposed, should be confined to issues of fact. Let it, however, he admitted for the present, that we are concluded as to the law; then, we were without de-fence at law. But the opinion supposes that the court of law erred, and so the complainants, have still apprehended; yet this should not prejudice the complain ants. The Court of Appeals of Virginia, in the cusí, •of Jhnbler and Wild, declared it a just cause for the interposition of the chancellor, that the court of law had rejected on trial, evidence admissible under the gen eral issue, and maintained the bill, although chancery bad not concurrent jurisdiction, and although no appea. win prosecuted; and the same principle is again re cog-, nixed in the case of Terrel and Dick, by the same court. The authority is respectable, of long use, and familiar in our courts; insomuch, that many cases of our own appellate court can be found, as is believed, in which it has had its influence.
The complainants come into court prepared and desirous to prove the usury at Jaw; but the defendant bad the address to prevail on the court to reject it.
In the case of Dawning and Bodley, because the-d-btor had succeeded in opposing a motion for an execution to his county, and the proper county, this court justified an order that it should issue to the county oí the security; an opinion only maintainable by án equi-* fable exposition of the. statute, and a defect of justice. Ye’- an appeal should have been taken by Downing from,the first decision»
*269 It is not deemed, however, indispensable to maintain, that errors of the court of law, procured by the plaintiff, may justify the exercise of chancery jurisdiction. It is sufficient that equity cannot he thus ousted; for this is a case of concurrent and original chancery cognizance, and within a few years past, this court has often declared, that a failure to defend at law, when chancery had concurrent jurisdiction, could not restrain it. An absolute and utter delinquency can prove no obstacle. Is our case impaired by the circumstance that we made an effort, but were paralyzed by the court and our adversary, and, therefore, declined? The reason or propriety of such a result, cannot be perceived. None is given. Owings and Saunders were not bound to proceed as far as they did. An entire delinquency cannot prejudice. Why shall a partial one? In Virginia,judicial error confers a right to chancery consideration; in Kentucky, it destroys it. At law, one error of the court, promoted by a party, imposed the necessity of a different remedy, and it was afforded, notwithstanding the corrective allowed by appeal; but such an error, attended by just the same remissness, has silenced the conscience of the chancellor. The complainants had redress;* they have never enjoyed the benefit of it. R was the duty of this court to relieve them; yet by im**. plication, they are made to forfeit their right to a hearing-
A rc.-hearing is prayed.
JAMES IIAGGIN,/or defHs,
But the court, on consideration, adhered to the Ion delivered, and overruled the petition,
Note — Chief Justice 13oylf, did not sit in this cause. Judge Mills was absent in the case of the Commonwealth lor the use of Kennett vs. Fugate, the first case in the volume.